## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| Deanna Lizotte | ) | Chapter 13 |
| | ) | Case No. 07-10499 |
| Debtor | ) | |

### ORDER ON DEBTOR'S MOTION FOR STAY PENDING APPEAL

This matter is before the court on the debtor's motion for stay pending appeal.  Her

motion was filed in the district court, where her appeal of this court's order dismissing her case

is pending.  The stay motion has been referred here for determination pursuant to Fed. R. Bankr.

P. 8005.  Her motion for a stay is denied.

### Background

The present case is the debtor's fifth attempt at bankruptcy relief.[1]  It was commenced,

pro se, on June 16, 2007.  The debtor's filing was deficient, because, among other things, she

failed to submit a certificate of credit counseling.  As a result, an order issued  requiring the

debtor to file a certificate of credit counseling by July 5, 2007.  She complied with that order by

filing a certificate on July 3, 2007.  Her certificate states that she received credit counseling on

June 29, 2007, thirteen days after the commencement of her case.

David Bordetsky, dba Dover Mortgage Placement Company is the holder of a mortgage

---

[1] Ms. Lizotte, acting pro se, along with her former husband William, filed a Chapter 7
case on October 8, 1993.  They were granted a discharge on January 13, 1994.  She and William
filed their second case on April 29, 1996.  That case was dismissed by order dated May 9, 1996.
The third case was filed on July 15, 1996 and dismissed on October 26, 1996.  An appeal of the
order dismissing that case was dismissed because of their failure to comply with the appellate
court's order to show cause.  Ms. Lizotte filed her forth case alone and pro se on July 8, 2004.  It
was dismissed on November 15, 2006 because of her failure to make Chapter 13 plan payments.
Her motion to reopen that case was denied on May 31, 2007.

on the debtor's residence.  He moved for dismissal because of the debtor's failure to complete

credit counseling before the commencement of her case.  A hearing on Bordetsky's motion was

conducted on August 31, 2007.  The debtor asserted that the bankruptcy court had extended the

time for her to obtain credit counseling until July 5, 2007.  Her assertion was based upon her

misunderstanding of the order of extension.  The deficiency order was not triggered by a failure

to obtain counseling.  Rather, it was triggered by her failure to file a certificate of counseling.

When that order entered, the bankruptcy court had no knowledge of whether or not she had

received counseling.  By filing the certificate of credit counseling within the period prescribed

by the deficiency order, the debtor fully complied with that order.  Unfortunately, through her

compliance, she gave public notice of her failure to obtain timely counseling.  Bordetsky, an

adverse party in her bankruptcy case, acted upon that public information.

Credit counseling became a prerequisite for individual bankruptcy relief under of the

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").[2]  Section

109(h) of the Bankruptcy Code, as amended by BAPCPA, provides, with exceptions not relevant

here, that an individual "may not be a debtor" in a bankruptcy case without receiving credit

counseling within 180 days before the commencement of a bankruptcy case.  See 11 U.S.C. §

109(h).[3]  Under the new statutory scheme, those who fail to receive the required counseling prior

---

[2]  The effective date of most BAPCPA provisions, including those applicable to this case, was October 17, 2005.

[3]  That subsection provides:

Subject to paragraphs (2) and (3), and notwithstanding any other provision of this section, an individual *may not be a debtor* under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities

2

to filing may be denied bankruptcy relief.  The language of section 109(h) is plain.  An

individual who has not received credit counseling may not be a debtor.  Under the rules of

construction found in section 102 of the Bankruptcy Code, "'may not' is prohibitive, and not

permissive".  See 11 U.S.C. § 102 (4).

The prevailing view of the courts that have reviewed this issue, particularly in this

circuit, is that pre-filing counseling is an eligibility requirement, and that a failure to obtain it

within the time prescribed is grounds for dismissal.  See In re Falcone, 370 B.R. 462, 466

(Bankr. D. Ma. 2007); In re Duplessis, 2007 Westlaw 118945 at 3 (Bankr. D. Ma. 2007); In re

Raymond, 2006 Westlaw 1047033 at 2 (Bankr. D. N.H. 2006).   One notable exception is In re

Hess, 347 B.R. 489 (Bankr. D. Vt. 2006) (dismissal is not mandatory in the presence of

extraordinary circumstances).

The debtor's case was dismissed due to her ineligibility for the reasons set forth on the

record of the hearing.  The order of dismissal was entered on August 31, 2007.  That order

terminated the automatic stay under 11 U.S.C. § 362(a) imposed upon creditors, including

Bordetsky.  As a consequence, Bordetsky was free to proceed with the foreclosure sale of the

debtor's residence.  The debtor filed a timely notice of appeal.  Bordetsky filed a timely election

to have the appeal heard in the district court.  See  28 U.S.C. § 158(c)(1)(B).  The debtor's

objection to Bordetsky's election was overruled by the Bankruptcy Appellate Panel for the First

Circuit and the appeal is now pending in the district court.

The debtor asked the district court for a stay pending appeal to stop the foreclosure sale

of her home set for October 23, 2007.  On October 17, 2007, her request for a stay was referred

---

for available credit counseling and assisted such individual in performing a
related budget analysis.  (Emphasis supplied.)

3

to this court for determination under Fed. R. Bankr. P. 8005.

The debtor's request for a stay appears to be grounded on allegations that Bordetsky's

foreclosure action in the state court was motivated by her refusal to grant him sexual favors.

Those allegations are not new to this court. Earlier this year, they were the basis of her motion

to reopen a case that had been dismissed because of her failure to make plan payments. At that

time, she also sought sanctions against Bordetsky and a stay to prevent him from selling her

home. Following hearing on May 31, 2007, her motions were denied for the reasons set forth on

the record. An order was entered on that date without prejudice to the debtor on the issue of her

sexual misconduct claims. No appeal was taken by either party. The debtor then filed the

present bankruptcy case.

No allegations of sexual misconduct were before the bankruptcy court on Bordetsky's

current motion to dismiss. The order on appeal to the district court is based solely upon the

debtor's failure to obtain timely prepetition credit counseling.

**Discussion**

A motion for stay pending appeal in a bankruptcy matter "is an extraordinary remedy and

requires a substantial showing on the part of the movant." See Henkel v. Lickman (In re

Lickman), 301 B.R. 739, 742 (Bankr. M.D. Fl. 2003). The factors to be weighed in determining

such a motion are the familiar four factors associated with injunctive relief: (1) likelihood of

success on the merits; (2) irreparable injury if the relief is not granted; (3) whether the granting

of relief would substantially harm the other parties; and (4) whether granting the relief would

serve the public interest. Id. The moving party must prevail on all four criteria. A failure to

satisfy any one prong is fatal to the motion. Id. "A showing that the movant has a likelihood of

success on the merits is a prerequisite to the granting of a stay pending appeal." Id. See also

4

Arevalo v. Ashcroft, 344 F.3d 1, 7-8 (1st Cir. 2003); Acevedo-Garcia v. Vera-Monroig, 296 F.3d

13, 16-17 (1st Cir. 2002).

The debtor's inability to show a likelihood of success on the merits is apparent without

further hearing.  Her certificate of credit counseling clearly demonstrates her failure to meet the

statutory requirement of pre-petition credit counseling.  For that reason alone, she was ineligible

to commence a bankruptcy case.  Her failure to demonstrate a likelihood of success makes a

discussion of the other factors unnecessary.  See Lickman, 301 B.R.at 742.

It is therefore ORDERED that the debtor's motion for a stay pending appeal is DENIED.


DATED: October 19, 2007

_____
Louis H. Kornreich, Chief Judge
United States Bankruptcy Court